IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RICO DUKES, ) | |
|     Plaintiff, ) | |
| vs. ) | No. 3:17-CV-2065-G-BH |
| ) | |
| DUSTIN HATCH, Dallas Police Officer, ) | |
|     Defendant. ) | Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION

Based on the relevant filings and applicable law, the case should be **DISMISSED with prejudice** as frivolous.

### I.  BACKGROUND

On August 3, 2017, Rico Dukes (Plaintiff) filed this *pro se* case against a Dallas Police Officer (Officer).  (*See* doc. 3.)  His initial filing is titled as a criminal complaint and expressly invokes "U.S. Code 28-607" for prohibited practice of law." (*Id.* at 1.)[2]  He specifically seeks to have criminal charges brought against the officer for harassing him and violating his "civil law academic freedom" and for "violation of a federal case that has been granted by a federal judge" for practicing law in violation of U.S. Code 28-607. (*Id.* at 3-5.)  He was granted leave to proceed *in forma pauperis* on August 17, 2017.  (*See* doc. 6.)

Plaintiff claims that Officer has "full knowledge of who I was and from that day he harrass[ed]" him because of what he teaches, which is "a violation of the federal and civil law" of academic freedom, as well as full knowledge that he has "over 22 audio recordings from congress offices and government offices confessing to [] crimes against the American people[.]" (*Id.* at 3-4.)

---

[1] By *Special Order No. 3-251*, this pro se prisoner case has been automatically referred for judicial screening.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

He claims that a federal judge in this district has "granted civil and federal racketeering charges on the white house [,] all courts [,] and all jails of the United States," that he let Officer hear a recording of him "informing the White house secret service of their [r]acketeering chargers," and that the "grant[ing of] these charges mak[es Officer] in clear violation of a federal case [.]" (*Id.*)

Plaintiff asserted substantially similar claims in *Dukes v. United States*, No. 3:17-CV-1657-B (N.D. Tex.), which was dismissed for failure to state a claim.  (*See* No. 3:17-CV-1657-B, doc. 14.) Another lawsuit that he also brought as a criminal complaint has been dismissed for failure to state a claim.  *See Dukes v. United States*, No. 3:17-CV-2063-K (N.D. Tex. Sept. 6, 2017), (docs. 7, 8, 9.)  No process has been issued in this case.

## II.  PRELIMINARY SCREENING

Because the plaintiff has been permitted to proceed *in forma pauperis*, his complaint is subject to judicial screening under 28 U.S.C. § 1915(e)(2).  It provides for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory."  *Id.* at 327.  A claim that falls under the rule announced in *Heck v. Humphrey*, 512 U.S. 477 (1994), "is legally frivolous unless the conviction or sentence at issue has been reversed, expunged, invalidated, or otherwise called into question."  *Hamilton v. Lyons*, 74 F.3d 99, 102 (5th Cir. 1996).  A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face."

2

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). To avoid dismissal for failure to state a claim, plaintiffs must allege facts sufficient to "raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. CRIMINAL CHARGES

Plaintiff's filing, titled as a criminal complaint, specifically seeks to have criminal charges brought against Officer for harassing him and violating his right to academic freedom.

"Private citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). Nor may a private party enforce criminal statutes through a civil action. *Florance v. Buchmeyer*, 500 F.Supp.2d 618, 626 (N.D. Tex. 2007). There is also no constitutional right to have someone criminally prosecuted. *See Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). Plaintiff's "criminal complaint" is frivolous because it "lacks an arguable basis either in law or in fact." *See Neitzke*, 490 U.S. at 325; *see also Dukes v. Federal Reserve Cental Bank*, No. 3:17-CV-2510-D-BH, 2017 WL 4990682, at *2 (N.D. Tex. Sept. 19, 2017) (recommending dismissal of Rico Dukes' "criminal complaint"), *rec. adopted* 2017 WL 4990650 (N.D. Tex. Oct. 30, 2017); *Dukes v. United States*, No. 3:17-CV-1657-B-BH, 2017 WL 4535288, at *2 (N.D. Tex. Aug. 18, 2017) (same), *rec. adopted* 2017 WL 4512836 (N.D. Tex. Oct. 10, 2017).

### IV. CIVIL CLAIMS

To the extent that the plaintiff's complaint may be liberally construed as seeking to assert

any civil claims based on the specific statutes that he cites, those claims are also frivolous.

A. <u>28 U.S.C. § 607</u>

The only specific statute that Plaintiff cites, 28 U.S.C. § 607, provides that "[a]n officer or employee of the Administrative Office shall not engage directly or indirectly in the practice of law in any court of the United States." It does not provide a private cause of action. *Dukes*, 2017 WL 4990682, at *2; *Dukes*, 2017 WL 4535288, at *2.

B. <u>42 U.S.C. § 1983</u>

Plaintiff's harassment and academic freedom claims may be liberally construed as an action under 42 U.S.C. § 1983 for violation of his First Amendment right to freedom of speech.

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

"Academic freedom, though not a specifically enumerated constitutional right, long has been viewed as a special concern of the First Amendment." *University of California Regents v. Bakke*, 438 U.S. 265, 312 (1978); *see also Keyishian v. Board of Regents*, 385 U.S. 589, 603 (1967) (academic freedom is "a special concern of the First Amendment, which does not tolerate laws that cast a pall of orthodoxy over the classroom"). Although "well recognized," "its perimeters are ill-defined and the case law defining it is inconsistent. Its roots have been found in the first

amendment insofar as it protects against infringements on a teacher's freedom concerning classroom content and method." *Hillis v. Stephen F. Austin State University*, 665 F.2d 547, 553 (5th Cir. 1982). Nevertheless, there are "four essential freedoms" of a university that constitute academic freedom: "to determine for itself on academic grounds who may teach, what may be taught, how it shall be taught, and who may be admitted to study." *Bakke*, 438 U.S. at 312. Academic freedom cases have focused on "protecting the free exchange of ideas within our schools." *Minnesota State Bd. for Community Colleges v. Knight*, 465 U.S. 271, 296 (1984) (dissent, Brennan, J.); *see also University of Pennsylvania v. E.E.O.C.*, 493 U.S. 182, 183 (1990) ("cases dealt with attempts to control university speech that were content based and that constituted a direct infringement on the asserted right to determine on academic grounds who could teach").

Here, Plaintiff alleges that Officer harassed him because of what he teaches and what he knows, but he makes no allegations to support an inference that his speech was made in the context of an educational setting. The open records request form attached to his complaint suggests the opposite. (*See* doc. 3 at 6.) He has failed to state a plausible claim for violation of his academic freedom.

## V. RECOMMENDATION

The complaint should be **DISMISSED with prejudice** as frivolous under 28 U.S.C. § 1915(e)(2)(B).

**SO RECOMMENDED**, this 7th day of April, 2020.

                                                         IRMA CARRILLO RAMIREZ
                                                         UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

   A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

                                                 _____
                                                 IRMA CARRILLO RAMIREZ
                                            UNITED STATES MAGISTRATE JUDGE